Honorable James C. Kirkpatrick Secretary of State State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Kirkpatrick:
This letter is in response to your opinion request in which you ask:
 "1. May a petition to nominate an independent candidate for the Office of President — Vice President of the United States be filed with the Office of the Secretary of State for the purpose of placing the name of the nominee on the Missouri General election ballot November 2, 1976?
 "2. If the answer is yes to question number one above; then 1. What is the last day such a petition may be filed with the Secretary of State, and 2. Are the names of the Presidential electors required to be named on the petition. Further, if names of the Presidential electors are required to be listed on the petition how are vacancies filled in the event of withdrawal, resignation or death?"
You also state that:
 "The Office of Secretary of State expects a petition to be filed to nominate an independent candidate for the Office of President-Vice President of the United States. Sections 120.220 and 120.240, RSMo appear to establish two different dates for the filing of petitions to nominate an independent candidate. Therefore, in order to expedite the handling of such a petition and in order to advise petitioners as to the last filing date for petitions to nominate an independent candidate this request is most urgently presented."
It is also our understanding that your question does not concern the formation of a new political party under the provisions of Section 120.160, RSMo.
Presidential electors may be nominated by conventions of political parties under the provisions of Section 120.840 and persons may vote for the electors of such party under the provisions of Section 111.351 by voting for the presidential and vice presidential candidates of a party whose names are listed on the ballot. Presidential electors may also be nominated by petition. Section 120.200 provides that when presidential electors are nominated by petition the names of candidates for President and Vice President may be added to the party names. Section 120.210 provides that the petition of nomination shall include a statement of candidacy for each of the candidates except candidates for electors for President and Vice President. We deem it unnecessary to determine whether or not the names of independent candidates, that is, candidates for President and Vice President who do not purport to be candidates of any party, may appear on the ballot as is provided for in the case of party candidates because we have concluded below that the time has past for filing petitions nominating independent presidential and vice presidential electors. However, it appears doubtful that Missouri statutes provide for the names of independent candidates for President and Vice President to appear on the ballot. We believe that this question can be determined only by a court of competent jurisdiction.
In your second question you inquire about the filing deadline for candidates nominated by petition.
Section 120.220, RSMo, provides:
 "Petitions of nomination for the nomination of candidates for offices in cities and other political subdivisions shall be filed with the clerk or other proper officer or board of the political subdivision at least sixty-eight days prior to the day of election. No such petitions of nomination shall in any event be filed more than eighty-five days before the day of election."
Section 120.240, RSMo, provides:
 "1. No person's name shall appear on a general election ballot as an independent candidate whose petition for such status shall not have been submitted to the proper officer by whatever time may be fixed by law as the final date for filing as a candidate in a party primary.
 "2. No person may file both as an independent candidate and for any office in a party primary.
 "3. Any person who has filed as an independent candidate may withdraw as a candidate by filing not later than August thirty-first before the general election a written, sworn statement of withdrawal in the office in which his petition was filed."
It is our view that Section 120.220 is not applicable inasmuch as such section refers only to petitions of nomination for candidates for offices in cities and other political subdivisions. We have held in the past in Opinion No. 134 dated May 17, 1972, that such section is in fact not even applicable to county offices. We enclose a copy of that opinion.
It is our view that Section 120.240 is the applicable section; and, therefore, the filing must be made at the time fixed by law as the final date for filing as a candidate in a party primary.
Section 120.340, RSMo Supp. 1975, provides in part:
 "No candidate's name shall be printed upon any official ballot at any primary election unless the candidate has by 5:00 p.m. prevailing local time on the last Tuesday of April preceding the primary filed a written declaration of candidacy, . . ."
Under the provisions of Section 120.340, the last filing date for the August primary is 5 p.m. on the last Tuesday of April preceding such primary. We are, therefore, of the view that petitions for the nomination of presidential electors cannot lawfully be filed in the state of Missouri after 5 p.m. on the last Tuesday of April preceding the August primary.
We are aware that an argument can be made that requiring independent candidates to file by the last Tuesday of April preceding the primary election is unconstitutional. See Salera v. Tucker,399 F. Supp. 1258 (E.D. Pa. 1975) (affirmed without opinion by the United States Supreme Court, No. 75-595, March 22, 1976), in which Pennsylvania's requirement that petitions supporting independent candidates be filed 218 days before the general election was declared unconstitutional. See also, Storer v. Brown, 415 U.S. 724,39 L.Ed.2d 714, 94 S.Ct. 1274 (1974), and American Party of Texasv. White, 415 U.S. 767, 39 L.Ed.2d 744, 94 S.Ct. 1296 (1974), which illustrate the limitations which the states may impose on the process of nomination of independent candidates.
However, we are without authority to determine whether the statutes we have relied on in reaching our conclusion are unconstitutional. See Gershman Investment Corp. v. Danforth, 517 S.W.2d 33
(Mo.Banc 1974).
In view of the conclusion we reach with respect to the appropriate time for filing and since the petitions that you refer to have not been filed within the time required by law, we believe that it is unnecessary to answer the additional questions that you pose.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 134 5-17-72, Gorman