FILED 148
Honorable George E. Murray State Senator, 26th District 763 New Ballas Road South Creve Coeur, Missouri 63141
Dear Senator Murray:
This letter is in response to your question asking as follows:
 "Does the approval on April 7, 1976, by the City Council of the City of Bridgeton, of a contract for a Public Officials Liability Policy (specimen form attached), to become effective immediately upon execution, constitute `additional compensation' and violate either Article VII, Section 13 of the Missouri Constitution or Section 3.03 of the Bridgeton City Charter quoted under paragraph 4."
With respect to your question concerning whether or not the action of the city council violates the provision of the city charter, we wish to point out that we do not interpret it as being our function under Section 27.040, RSMo, to interpret the provisions of the city laws as they relate to city charters. We, therefore, adhere to our past practice and respectfully decline to interpret the charter of the City of Bridgeton.
Section 13 of Article VII of the Missouri Constitution which you also note in your request provides:
 "The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended."
You have not advised us as to the precise form of the ordinance authorizing the purchase of the policy of insurance.
Under Section 19(a) of Article VI of the Missouri Constitution, a charter city has all the powers which the General Assembly has authority to confer upon any city, provided such powers are consistent with the Constitution of this state and are not limited or denied either by the charter as adopted or by statute. Such a city has in addition to its home rule powers all the powers conferred by law. We do not purport to determine whether or not any charter prohibitions exist.
Section 71.185, RSMo, provides that municipalities may carry liability insurance and pay premiums therefor to insure such municipalities and their employees against claims or causes of action as provided therein. We believe that such section evidences the legislative intent with respect to all cities, and since a charter city has legislative powers within the framework of Section 19(a) of Article VI, we see no reason why a charter city would be prohibited from providing liability insurance for its officers as well as for the governmental entity itself by proper ordinance directed to that purpose.
We note that you have furnished us with a specimen copy of the policy of public officials liability insurance involved. We do not, however, purport to interpret such policy or to pass upon the provisions of the coverage or exclusions contained therein.
We conclude that a charter city has authority to provide liability insurance for its officers and employees and that the furnishing of such insurance does not constitute additional compensation unless the ordinance authorizing such insurance provides that the coverage is furnished as additional compensation for such officers or employees.
Under the doctrine of the Gershman Investment Corporationv. Danforth, 517 S.W.2d 33 (Mo.Banc 1974), we assume the constitutionality of Section 71.185 and the action of a constitutional charter city enacting similar provisions.
Very truly yours,
 JOHN C. DANFORTH Attorney General