Robert F. Love, Chairman Missouri State Tax Commission 623 East Capitol Avenue Jefferson City, Missouri 65101
Dear Mr. Love:
This opinion is in response to your request asking as follows:
 "How is the term `gross amount received from sales' defined as used in section 150.040(2), R.S.Mo. 1976 Supp., which provides that the inventory valuation for assessment of the ad valorem tax on new vehicles shall be 9.5% of the gross amount received from sales by merchants for new motor vehicles sold by them from January 1 through March 31, of each year?"
You further state:
 "The question revolves around the point of whether the `gross amount received from sales' is inclusive or exclusive of trade in value, i.e., if a new car is sold for $6,000 and a car worth $5,000 is received in trade in, is the `gross amount received from sales' $6,000 or $1,000?"
Section 150.040, RSMo Supp. 1976, was the legislative response to the holding of the Supreme Court of Missouri in McKay Buick Inc.,v. Spradling, 529 S.W.2d 394 (Mo.Banc 1975), in which the court held a prior enactment respecting the taxation of motor vehicles to be unconstitutional.
Section 150.040, RSMo Supp. 1976, provides:
 "1. Merchants shall pay an ad valorem tax equal to that which is levied upon real estate, on the highest amount of all goods, wares and merchandise, except new motor vehicles, which they may have in their possession or under their control, whether owned by them or consigned to them for sale, at any time between the first Monday in January and the first Monday in April in each year; provided, that no commission merchant shall be required to pay any tax on any unmanufactured article, the growth or produce of this or any other state, which may have been consigned for sale, and in which he has no ownership or interest other than his commission.
 "2. Merchants shall pay an ad valorem tax equal to that which is levied upon real estate on new motor vehicles. The inventory valuation for assessment purposes for the ad valorem tax on new motor vehicles shall be nine and one-half percent of the gross amount received from sales by merchants for new motor vehicles sold by them from January first through March thirty-first of each year, and the assessor of each county and the city of St. Louis shall have the authority to inspect the books of each merchant for the purpose of determining said sales."
The question that now confronts us is what the legislature intended by the use of the words "gross amount received from sales by merchants for new motor vehicles." In Laclede Gas Company v.City of St. Louis, 253 S.W.2d 832 (Mo.Banc 1953), the Supreme Court defined the term "gross receipts", l.c. 835, as follows:
 "The word `gross' appearing in the term `gross receipts,' as used in the ordinance, must have been and was there used as the direct antithesis of the word `net.' In its usual and ordinary meaning `gross receipts' of a business is the whole and entire amount of the receipts without deduction. 18 Words and Phrases, Perm.Ed., page 697. On the contrary `net receipts' usually are the receipts which remain after deductions are made from the gross amount thereof of the expenses and cost of doing business, including fixed charges and depreciation. Gross receipts become net receipts after certain proper deductions are made from the gross. . . ."
We note first of all that subsection 2 of Section 150.040
concerns only "new" motor vehicles and employs a distinct and particular formula to arrive at assessment value. Clearly, when the automobile dealer receives a used car in trade on a "new" motor vehicle, he is in fact receiving a thing of value.
It is our view that inasmuch as the legislature in subsection 2 employed a particular and distinct formula and in view of the fact that the legislature made no exception or qualification to the term "gross amount received" the term should be given the meaning already judicially given to the term "gross receipts" inLaclede Gas Company v. City of St. Louis, supra. Thus, we conclude that the "gross amount received" is the value of the trade-in plus the additional value of the cash or any other thing of value received by the merchant for the new motor vehicle. In the words of the court in Laclede Gas Company v. City of St. Louis,
gross receipts are ". . . the whole and entire amount of the receipts without deduction. . . ."
In direct answer to your question then, when the merchant sells a new car the tax computed under subsection 2 is computed on the basis of what he receives for such car regardless of whether or not the amount received is other personal property.
In reaching this conclusion we have considered the question of whether or not such a situation gives rise to "double taxation." In view of the fact that the legislature has employed a distinct formula in subsection 2, as we noted, we find no valid question of double taxation. Furthermore, if a constitutional question does exist, it is for the courts to decide and does not constitute a basis for a construction by this office which would ignore the plain language used by the legislature. Gershman InvestmentCorporation v. Danforth, 517 S.W.2d 33 (Mo.Banc 1974).
CONCLUSION
It is the opinion of this office that under the provisions of subsection 2 of Section 150.040, RSMo Supp. 1976, the gross amount received by the merchant for new motor vehicles is to be computed on the basis of the entire amount received from the sale of "new" motor vehicles as provided in Section 150.040(2), including the value of any trade-ins.
Very truly yours,
 JOHN ASHCROFT Attorney General