Dear Mr. Miller:
This letter is in response to your question asking whether a special road district is required in all instances to service and maintain roads platted for public use by private developers in subdivisions that lie within their district and whether or not they are obligated to expend taxpayers' funds for the maintenance, repair and servicing of those roads or street systems.
You have also given us a set of facts which involve a housing subdivision and a special road district in Franklin County.
We have thoroughly reviewed the information which you furnished to us, as well as information furnished to us by the attorneys for the housing subdivision. We have concluded that there are several statutes, including provisions in Chapter 445 and Chapter 228, RSMo, which are possibly applicable to the situation you present. However, it is also our view that the situation you present is in a litigation posture and that there are numerous fact questions which must be resolved to determine the precise question you ask. The determination of the law applicable to the actual facts as determined by the court must be made by the judicial branch of the government and not by this office through the official opinion process. In this respect, we call to your attention the holding of the Missouri Supreme Court in GershwinInvestment Corporation v. Danforth, 517 S.W.2d 33 (Mo. Banc 1974), in which the court held that the attorney general was not authorized to exercise judicial functions.
We therefore conclude that we must respectfully decline to issue an opinion of this office on the situation which you present.
Very truly yours,
 JOHN ASHCROFT Attorney General
CKB/fn C. B. BURNS, JR. Assistant Attorney General