Dear Mr. Goldman:
This letter is in response to your question asking:
 "Does section 321.015, RSMo prohibit an employee of a fire district from serving as an elected director of another fire district, even if he was elected before the law took effect?"
You also state:
 "A Mr. J. M. Kaufman is an employed firefighter with the Fenton Fire Department, located in St. Louis County, and is an elected director of the Gardenville Fire District, serving a two year term. He was elected on April 4, 1978 and will be up for election in April 1980. A [sic] Mr. Kaufman grandfathered in and if the answer is yes, will he then be ineligible to run for office in 1980? I informed Mr. Charles Godiswitz, the attorney for the Gardenville Fire District, of my findings in regard to 321.015. He then presented it to the Board of Directors of Gardenville and Mr. Kaufman refused to resign. I then informed Mr. Godiswitz of my intention to file for an Attorney Generals opinion on the matter and that we would go from there."
Section 321.015, RSMo, to which you refer provides:
 "No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public. The term `lucrative office or employment' does not include receiving retirement benefits for service rendered to a fire protection district, the state or any political subdivision thereof."
Your first question asks whether Mr. Kaufman can presently hold the position of Fire Protection District Director of the Gardenville Fire District and also be employed with the Fenton Fire Department as a firefighter. You have also stated that Mr. Kaufman has been called upon to resign and that he has refused to do so.
It is our view, with respect to your first question, that the question posed is in a litigation posture. That is, the courts of this state have not interpreted § 321.015 with respect to the type of situation that you present, and it is clear that an actual controversy exists concerning Mr. Kaufman's right to serve in both capacities. We wish to point out in this respect that this office does not perform a judicial function in the writing of official opinions. See Gershman Investment Corp. v.Danforth, 517 S.W.2d 33 (Mo. Banc 1974). Therefore, it is our view that we must respectfully decline to issue an opinion with respect to your first question.
We wish to additionally point out, with respect to your first question, that a conclusion with regard to the status of such an individual is clouded by the opinion of the Missouri Supreme Court in State ex rel. Hall v. Vaughn,483 S.W.2d 396 (Mo. Banc 1972), in which the Supreme Court refused to apply a constitutional mandatory retirement provision applicable to certain judges to judges who were retained in office before such provision became effective.
With respect to your second question which is raised in your statement of facts asking whether such an individual could run for office again, the statute would prohibit the holding of both such office and such employment. It is clear that the City of Fenton is a political subdivision as defined under § 70.120, RSMo, which defines a "political subdivision" as "any agency or unit of this state which now is, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied;"
It is therefore our view that, under the first sentence of § 321.015, no such person holding any lucrative office or employment under such a political subdivision could also hold the office of Fire Protection District Director under Chapter 321, RSMo. Therefore, even if a court ruled in Mr. Kaufman's favor with respect to his right to remain in office until the end of his term, it is apparent that he could not again hold such office while at the same time maintaining such employment.
Very truly yours,
 JOHN ASHCROFT Attorney General