Dear Dr. Mallory:
We have your request for an opinion of this office asking for an interpretation of the provisions of § 164.021, RSMo, which provide that the voter approved levy increase be certified by the clerk of the district to the clerk of the court of the proper county who "on receipt thereof, shall assess the amount so certified, effective as of September twentieth next following, against all taxable property of the school district as provided by law."
Similarly, § 164.041, RSMo, provides that the rate legally authorized by the voters of the district "as of September twentieth of that year" will be assessed by the county clerk against all taxable property in each district.
You are aware of course that we issued Opinion No. 167-1978 concerning a similar but not identical provision contained in § 67.110, RSMo. We understand that you have a copy of that opinion, and we have not enclosed it herewith. All considered, however, we find that there are dissimilarities between the provision which we considered in that opinion and the provisions in question here. As a result, the conclusion we reached in that opinion is not necessarily applicable here.
We find no court decisions which help us in interpreting the provisions of §§ 164.021 or 164.041, and we do not believe that we should speculate in this instance as to the result that a court might reach in interpreting such provisions. Clearly, this office does not perform a judicial function. See Gershman InvestmentCorp. v. Danforth, 517 S.W.2d 33 (Mo. 1974). Therefore, it seems clear that the school district's only way to determine the law on this matter would be to obtain a decision of a court of law as to whether or not such provisions of §§ 164.021 and 164.041 are mandatory or directory.
We conclude that a formal opinion regarding this subject, in these premises, should not issue under § 27.040, RSMo, and we therefore respectfully decline to issue such an opinion.
Very truly yours,
 JOHN ASHCROFT Attorney General
 C. B. BURNS, JR. Assistant Attorney General