Dear Mr. Binger:
This letter is in response to your request for an official opinion of this office asking as follows:
 Does R.S.Mo. Section 88.834 provide authority for a fourth class city to establish a district for storm sewers.
Section 88.832, RSMo, provides:
 The governing body of any municipality shall have power to cause a general sewer system to be established, which shall be composed of four classes of sewers, to wit: public, district, joint district, and private sewers. public sewers shall be established, along the principal courses of drainage, at such time, to such extent, of such dimensions, and under such regulations as may be provided by ordinance. These may be extensions or branches of sewers already constructed or entirely new throughout, as may be deemed expedient. The municipality may levy a tax on all property made taxable for state purposes over the whole municipality to pay for the constructing, reconstructing and repairing of the work, which tax shall be called `special public sewer tax' and shall be of the amount as may be required for the sewer provided by ordinance to be built; and the fund arising from the tax shall be appropriated solely to the constructing, reconstructing and repairing of the sewer.
Section 88.834, RSMo, provides:
 District sewers shall be established for the districts created to be prescribed by ordinance, and shall connect with public, or other district or joint district sewers or with a natural course of drainage, as each case may be, and may be constructed with the main branch or discharge pipe wholly within or beyond the boundary of the district as the council shall determine. The district may be subdivided, enlarged or changed by ordinance at any time previous to the construction of the sewer therein; and more than one district sewer may be laid in a sewer district if deemed necessary by the governing body of the municipality for sanitary or other purposes. The governing body shall cause sewers to be constructed in each district whenever a majority of the property holders, residents therein, shall petition therefor, or whenever the governing body shall deem the sewers necessary for sanitary or other purposes, and the sewer shall be of such dimensions and materials as may be prescribed by ordinance and may be changed, enlarged or extended, and shall have all the necessary laterals, inlets, catch basins, manholes and other appurtenances.
Section 88.836, RSMo, provides for the apportionment of costs of the district sewer by means of a levy and assessment of a special tax by ordinance against each lot or piece of ground within the district.
It is our understanding that the city attorney of the City of Blue Springs, the city in question, has indicated that it is his view that the language "sanitary or other purposes" contained in § 88.834 is sufficient authorization to extend the authority of that section to include storm sewers for the purpose of handling surface water from heavy rainstorms.
We are of the view that it is questionable that such a city has authority to establish a district for storm sewers. In Terminal R.R. Ass'n v. City of Brentwood, 230 S.W.2d 768
(Mo. 1950), the court referred to the previous enactments of §§ 88.832 and 88.834 as relating to "sanitary sewers" as opposed to sewers for the drainage of surface water under the provisions of a different statute which required railroads to construct sewers to facilitate the proper drainage of water in certain instances. While this case does not squarely rule the point which you ask, it is the only case which we are able to find which notes such a distinction.
It is our general understanding that such cities have not purported to have the authority to build drainage sewers under the authority of § 88.834 on which a special tax bill would issue under § 88.836. Assuming such information is correct, it is probably because drainage sewers are more likely to benefit the general public as opposed to those specifically benefited by sanitary sewers for which an assessment is authorized.
We call to your attention that this office does not perform a judicial function under § 27.040. Gershman InvestmentCorp. v. Danforth, 517 S.W.2d 33 (Mo. 1974). Therefore, it is our view that the city may only safely proceed by either litigating the matter to receive a court declaration as to the city's authority to proceed under such sections as desired or by appropriate legislative action to clarify the provision of such sections.
Very truly yours,
 JOHN ASHCROFT Attorney General