Dear Senator Woods:
This letter is in response to your question asking:
 Can separate municipalities consolidate police departments under one joint board (abolishing existing separate marshal and police chief offices) governed by representatives of all involved communities?
Clearly a city is a "political subdivision" under § 70.210, RSMo, and may cooperate with other cities pursuant to the provisions of §§ 70.210, et seq.
Section 70.260, RSMo, provides in pertinent part:
 The joint contract may also provide for the establishment and selection of a joint board, commission, officer or officers to supervise, manage and have charge of such joint planning, development, construction, acquisition, operation or service and provide for the powers and duties, terms of office, compensation, if any, and other provisions relating to the members of such joint board, commission, officers or officer. . . .
Section 70.280, RSMo, provides:
 The governing body of any municipality or political subdivision shall have the power to abolish the office of [sic] the facility taken over by any other municipality or political subdivision, and the powers and duties thereof may be transferred to the officer who is to perform them under the terms of the contract or cooperative action.
When the provisions of § 70.260 are read together with the provisions of § 70.280, there is an ambiguity. Read literally, the first part of § 70.280 could mean that the only way to abolish the offices which are taken over would be to transfer the functions to another municipality or political subdivision. Such an interpretation would exclude the abolishment of offices whose functions are taken over by a joint board or commission pursuant to § 70.260. However, we note that the latter portion of § 70.280 states that "the powers and duties thereof [of the office taken over] may be transferred to the officer who is to perform them under the terms of the contract or cooperative action."
Since § 70.260 authorizes the establishment and selection of a joint board, commission, officer or officers to supervise, manage and have charge of such joint planning, operation or service it seems reasonable to conclude that the legislature intended that such officer or officers would assume the duties of the office sought to be abolished. And, as a consequence, that the office taken over would be abolished.
It is a rule of statutory construction that a legislative act must be considered in its entirety and its provisions harmonized, if possible, to give effect to legislative intent.State ex rel. Safety Ambulance Service, Inc. v. Kinder, 557 S.W.2d 242
(Mo. 1977). Therefore, after so harmonizing the provisions of §§ 70.260 and 70.280, we conclude that separate municipalities may consolidate police departments under one joint board and abolish the existing marshal and police chief offices whose duties and powers are taken over.
It is also our view, however, in view of the importance of this question, the lack of any judicial precedent respecting your question, and the fact that we do not perform a judicial function, Gershman Investment Corp. v. Danforth, 517 S.W.2d 33
(Mo. 1974), that such a question may best be resolved either by legislative action or judicial determination.
Very truly yours,
 JOHN ASHCROFT Attorney General