Dear Mr. Miller:
This opinion is in response to your question asking:
 Shall an Associate Circuit Judge of the Probate Division of the Circuit Court, who was a Probate Judge on January 1, 1979, become a Circuit Judge of the Probate Division in 1981 in a county of the second class with a 1980 official Federal Census count of over 65,000 inhabitants.
You also state:
 The official 1970 Federal Census of Franklin County, a second class county, was 54,452 inhabitants. The preliminary figures for the 1980 Census submitted to county officials was in excess of 69,000 inhabitants and additional upward adjustments may be made.
 The Judge of the Probate Division of the Circuit Court was elected to the office of Probate Judge of Franklin County in 1970, 1974 and 1978. He took office on January 1, 1979, as a Probate Judge for a 4-year term. On January 2, 1979, under the new Judicial Article V of the Constitution of Missouri, he became an Associate Circuit Judge of the Probate Division.
The only provisions we find relative to the question you ask are located in § 27 of Article V of the Missouri Constitution.
Section 27.3 of Article V provides in pertinent part:
 . . . Until otherwise provided by law, associate circuit judges shall hear all cases or matters as now provided by law for probate courts within the county, except that in the city of St. Louis, in all first class counties, and all second class counties with a population of over sixty-five thousand, the circuit judge of the probate division of the circuit court shall hear all cases and matters as now provided by law for probate courts within such circuits or counties. . . .
Section 27.4a provides in pertinent part:
 . . . On the effective date of this article the probate judge of the city of St. Louis and the probate judges of all first class counties and all second class counties with a population of over sixty-five thousand shall become circuit judges of their respective circuits and thereafter shall be selected or elected from the circuit as in the case of other circuit judges and be entitled to the same compensation as provided by law for circuit judges at the time of the effective date of this article until changed by law, and shall have the same powers and jurisdiction as judges of the circuit court. . . . On the effective date of this article the probate judges of counties with a population of sixty-five thousand or less shall become associate circuit judges of their respective circuits and thereafter shall be selected or elected from the county as in the case of other associate circuit judges and shall be entitled to the same compensation as that to which they were entitled on the effective date of this article until changed by law.
Section 27.9 provides in pertinent part:
 . . . The judges of the probate courts of the city of St. Louis and all first class counties, and all second class counties with a population of over sixty-five thousand, when such courts cease to exist, and the judges of the St. Louis court of criminal corrections, shall become circuit judges and receive the compensation payable to circuit judges.
The compensation of associate circuit judges is now provided in § 478.018, RSMo Supp. 1979. The salary schedule which is provided under § 478.018 is divided into categories according to county classification with an additional category for cities of more than 600,000 inhabitants and makes no distinction between former magistrate and probate offices. Prior §§ 478.015, 478.016, 478.021 and 478.022 were repealed at the time that § 478.018 was enacted effective July 1, 1980.
It is our view that the provisions which we have quoted from § 27.4a above applied only on the effective date of the judicial article, January 2, 1979. It is further our view that the provisions which we have quoted above from § 27.9 applied only when such courts ceased to exist, January 2, 1979.
The provision which we have quoted from § 27.3 relative to the jurisdiction of the circuit judge of the probate division of the circuit court in a second class county with a population of over 65,000 creates some ambiguity because we find no provision in the constitution or in the statutes which authorizes the associate circuit judge of a second class county having a population of over 65,000 to automatically become the circuit judge of the probate division of such a county at any time other than on the effective date of the judicial article, January 2, 1979. We therefore assume that such jurisdictional provision was intended to apply to the probate judge offices which became circuit judge offices under the provisions of § 27.4 and 27.9.
We therefore conclude that there is no provision in either the constitution or the statutes which would authorize an associate circuit judge of the probate division in a county of the second class which first attains a population in excess of 65,000 under the 1980 Decennial Census to automatically become a circuit judge. We understand that this interpretation is consistent with that given such sections by individuals who were instrumental in the drafting of the judicial article.
It is our understanding that arguments have been raised concerning the constitutionality of any interpretation which would preclude the provisions which we have quoted from automatically applying to associate circuit judges of the probate division in second class counties first attaining a population of over 65,000 after January 2, 1979. It is our view, however, with respect to such contentions that there is no clear constitutional impediment to the interpretation we have given such provisions. Thus, whether such constitutional objections are valid, we believe, should be left to judicial decision. Gershman InvestmentCorp. v. Danforth, 517 S.W.2d 33 (Mo. 1974).
CONCLUSION
It is the opinion of this office that an associate circuit judge of the probate division of the circuit court who was a probate judge on January 2, 1979, does not become a circuit judge of the probate division in a county of the second class which first attains a population of over 65,000 inhabitants under the 1980 official Census.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General