This letter is in response to your question asking:
 May the City of Springfield, Missouri, through the City Utilities of Springfield, Missouri, pay interest on loans made by commercial lenders when the loans are made to property-owning customers to pay for conservation measures to be applied to residential, industrial, and commercial property without violating Article VI § 25, Constitution of Missouri.
You have also enclosed a "Resolution of Intent" adopted by the Board of Public Utilities dated July 31, 1980, and a resolution of the City Council of the City of Springfield, Resolution No. 6680, passed August 25, 1980. The Council's resolution, which is based upon the Resolution of Intent adopted by the Board of Public Utilities provides essentially that the expenditure of funds by City Utilities of Springfield, Missouri, for energy conservation including payment of interest on loans for purposes consistent with "Missouri Residential Conservation Service Program, as developed by the Department of Natural Resources of the State of Missouri" is a public purpose. The resolution finds that the conservation of energy is of national, state and local concern, that such conservation may reduce the requirements for additional plans capacity thereby saving the customers of City Utilities money and making energy available to the customer at a lower cost, and approves such expenditures.
The City of Springfield is a constitutional charter city. As such, it possesses the following powers under § 19(a) of Article VI of the Missouri Constitution:
 Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.
On the other hand, § 25 of Article VI of the Missouri Constitution provides:
 No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except as provided in Article VI, Section 23(a) and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the widows and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all of its salaried employees, and the widows and minor children of such deceased employees.
We enclose our Opinion No. 60, dated January 30, 1981, to Cairns, in which we concluded that it is within the power of the general assembly to pass substantive legislation aiding crime victims and to appropriate money therefor from general revenue. While the cases cited in that opinion, Americans United v. Rogers,538 S.W.2d 711 (Mo. Banc 1976), and State ex inf. Danforth, ex rel.Farmers' Elec. Coop, Inc. v. State Environmental ImprovementAuthority, 518 S.W.2d 68 (Mo. Banc 1975) both concerned state legislative action as opposed to council or local action, we believe that such cases are applicable here. Clearly, if § 25
of Article VI of the Missouri Constitution prohibits the city from taking such action, the city would have no such authority by virtue of its charter powers under § 19(a) of Article VI.
We are of the view, however, that the action of a local body such as the city council of a charter city possessing the powers given by § 19(a) of Article VI of the Missouri Constitution declaring public purpose would probably be upheld by the courts.
We caution you that a decision of a court in this respect is difficult to predict in light of the holding of Enright v.Kansas City, 536 S.W.2d 17 (Mo. Banc 1976). In that case an action was brought challenging a constitutional charter city's authority to grant city funds realized from city sales tax to school districts or portions of school districts lying within the city's corporate limits. The Supreme Court held that the city had authority to grant such funds to such school districts or such portions of school districts. The decision, however, was dissented to by three of the seven judges sitting on the court. Notably, even in that case, the majority of the court found that § 25 of Article VI was not applicable because the prohibition of that section relates to loans or grants to private corporations.
Therefore, although we conclude in this instance that such a finding by the city council of a bona fide public purpose for the expenditure of such funds would, in light of the cited cases, probably take the action of the council outside of the prohibition of § 25, Article VI, Missouri Constitution, we point out that this office does not declare the law, GershmanInvestment Corp. v. Danforth, 517 S.W.2d 33 (Mo. Banc 1974). Therefore, it would appear prudent that the city obtain a court ruling before making such expenditures.
We do not purport to determine here whether the city charter has any application to this question.