Dear Mr. Oswald:
This letter is issued in response to your request for a ruling on the following two questions:
 Does the following "official ballot": "Shall the County of Miller establish and maintain facilities, developmental programs, transportation, other related services, and continue existing programs for handicapped persons, and for which the County Court shall levy a tax not to exceed 10¢ per each $100 assessed valuation?" comply with subsection 2 of § 205.972, RSMo 1978, which require the ballot to be substantially in the form therein set forth?
 May the board of directors appointed pursuant to § 205.970 expend tax levy money to transport handicapped persons to a sheltered workshop in some other county where the initiating county has no sheltered workshop or facilities? Further, may funds be expended for transportation purposes within the county in view of the language of § 205.971?
As to your first question, the statutory requirements for the ballot form are set out in subsection 2 of § 205.972, RSMo 1978, as follows:
 "2. The question shall be submitted in substantially the following form:
 Shall . . . (name of county or city not within a county) establish (and) (or) maintain a sheltered workshop and residence facility for handicapped persons, and for which the county or city shall levy a tax of . . . (insert exact amount to be voted upon) cents per each one hundred dollars assessed valuation therefor?"
The ballot contained in your question deviates from the statutory form in that while the statutory ballot specifies "a sheltered workshop and residence facility for handicapped persons", the ballot in your question substitutes "facilities, developmental programs, transportation, other related services, and continued existing programs for handicapped persons." Thus the question is whether this deviation would cause the ballot not to be in "substantially" the statutory form.
The Supreme Court has construed the word "substantially" in the context of use in a taxation statute as synonymous with "practically," "nearly," "almost," "essentially" and "virtually."St. Louis-Southwestern Railway Co. v. Cooper, 496 S.W.2d 836 (Mo. 1973).
Furthermore, in several cases involving the form of election ballots, the Supreme Court of Missouri has stated that where statutes provide that ballots be in a certain form without prescribing what results would follow if they were not used as required, the statutes would be considered directory rather than mandatory. The test would then be "whether or not the voters were afforded an opportunity to express and that they did fairly express their will." State ex rel. City of Memphis v. Hackman,
202 S.W. 7, 14 (Mo Banc 1918); Ginger v. Halferty, 193 S.W.2d 503,505 (Mo. 1946); City of Raytown v. Kemp, 349 S.W.2d 363, 369
(Mo. banc 1961).
The permissible uses for the fund authorized to be levied, collected, and spent under § 205.971 consist of establishing or maintaining, or both, facilities providing sheltered workshops or places of residence and related services. These permissible uses may be more limited than the language on the ballot which could include more services than those expressly authorized.
Because the statute does not provide any penalty for not following the ballot, however, we believe that the test as to the legality of the ballot is expressed in the Memphis case, supra — whether or not the voters were afforded an opportunity to express and that they did fairly express their will.
We note that the election results were overwhelmingly in favor of the proposition on the ballot to support services for the handicapped. The vote was 1360 for and 932 against — a 68% majority. In considering the ballot language, we believe the voters were neither deceived as to the types of persons who would benefit from the programs authorized to be supported nor were they deceived by the ballot language insofar as at least the programs authorized by the state statutes could be supported.
We conclude in this instance that although the language of the ballot may not be substantially in the same form required by the statute, the statute is directory rather than mandatory. Therefore, we believe that if a court were deciding this issue, it would hold that the 68% of the voters who voted on this issue were not deceived by the ballot language. Finally, insofar as the money is spent for the purposes set out in §§ 205.968 through205.972, the tax may be levied, collected, and deposited in a special fund under section 205.971.
We point out that this office does not declare the law,Gershman Investment Corp. v. Danforth, 517 S.W.2d 33 (Mo. banc 1974); thus, we caution you that only a decision of a court in this respect would be final. Moreover, this office does not condone either deviation or variation from the requirements of forms suggested in the statutes such as the form specified in §205.972, RSMo 1978, and we caution against including possibly extraneous matter in ballot language. See Buchanan v. Kirkpatrick,
____ S.W.2d ____ (Mo. banc 1981) Supreme Court No. 62564 (April 3, 1981).
As to your second question § 205.968, RSMo, provides in part that "[t]he facility may operate at one or more locations in the county or city not with a county." In our view the quoted provision was only intended to authorize the location of such programs operated by the board in more than one location in the county. We do not believe that such language was intended to limit the authority of the board to contract with not-for-profit corporations because of their locations.
Subsection 3 of section 205.970 was added by S.B. 359 in 1977 to enable the counties to contract with not-for-profit corporations to provide certain services without limiting where the services were to be provided. We are therefore of the view that the board may contract with such a corporation in another county for such services.
Furthermore, we are of the view that the board may spend money from the special fund for transportation of handicapped persons incidental to providing such services directly or through contract.
Very truly yours,
 JOHN ASHCROFT Attorney General