Dear Senator Smith:
This letter is in response to your question asking the meaning of the word "resident" in Sections 115.607.1 and 115.617, RSMo Supp. 1984.
At the outset we note that the word "resident" has been defined on many occasions by case law. Section 1.020, V.A.M.S., annotations 179 and 180, summarize numerous cases dealing with the term residence and intention to be a resident.
In State ex rel. King v. Walsh, 484 S.W.2d 641 (Mo. banc 1972), the Court construed the word "resident" and looked to the intent of the party claiming residency. Such intent can be borne out by physical presence or even if there is a lack of physical presence by such manifestations of intent as location of living quarters, membership in a local church, maintenance of an account in a local bank, voter registration, returning to the location where the residence is claimed during holiday periods, and even obtaining a hunting license in such location. While these items may not totally be in point with the factual considerations you may be faced with, the establishment of one's residence is largely a matter of intention. Intention must be considered in light of physical acts performed in conformity with the intent to establish the fact of residency.
I am enclosing copies of Attorney General Opinion Letter No. 152-1975 and Opinion No. 168-1969. Both are instructive with regard to your question. In the 1969 opinion, John C. Danforth, who was then Attorney General, stated that he was unable to give an opinion on whether a certain commissioner was a legal resident of Cass County because it depended on many factors that had not been determined or made known to the Attorney General at that time. That opinion expresses our views with regard to the question of residency.
Finally, we do not believe that we are in a position to adjudicate whether the facts in a particular case give rise to abandonment of one's residence for the purposes of Sections115.607 or 115.617. As was the situation in the 1969 opinion, there may be facts which will evidence residency or nonresidency. We are unable to offer an opinion as to the residency of a particular committee person because there are many factors which are unknown to us. Further, this office does not determine facts in the opinion process. Nor may we perform a judicial function.Gershman Investment Corp. v. Danforth, 517 S.W.2d 33 (Mo. banc 1974).
We trust this answers your questions.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion Letter 152-1975 Opinion No. 168-1969