Dear Senator Bild:
This opinion is in response to your question asking:
 What if any are the limitations on the advertising of the state lottery?
The Missouri Constitution addresses lottery advertising in Article III, Section 39(b)5, which provides:
 5. All advertising undertaken to promote a Missouri state lottery shall include information indicating the pay out ratios for these games. Advertising for the Missouri state lottery shall provide only statistical information setting forth the odds of winning and the average return on the dollar in prize money to the public and strict factual statements of (a) the time, date, and place of conducting the lottery; (b) the prize structure; (c) the type of lottery game being conducted; (d) the price of tickets; and (e) the locations where tickets for the Missouri state lottery are sold. At no time shall the Missouri state lottery be advertised in a manner designed to induce persons to participate in the Missouri state lottery.
The enabling legislation addresses advertising in Section 313.335, RSMo 1986, which provides:
 1. All advertising undertaken to promote a Missouri state lottery shall include information indicating the payout ratios for these games. Advertising for the Missouri state lottery shall provide only statistical information setting forth the odds of winning and the average return on the dollar in prize money to the public and strict factual statements of the time, date, and place of conducting the lottery, the prize structure, the type of lottery game being conducted, the price of tickets, and the locations where tickets for the Missouri state lottery are sold. At no time shall the Missouri state lottery be advertised in a manner designed to induce persons to participate in the Missouri state lottery. Any advertising used to disseminate information about the state lottery shall include a notice that it is for informational and educational purposes only, and that it is not intended to induce any person to participate in the lottery or purchase a lottery ticket.
 2. As used in this section, the term "induce" shall mean false or fraudulent persuasion.
 3. Any violation of this section is a class A misdemeanor.
As can be seen, the statute, Section 313.335, closely follows the Constitution. The statute, however, contains a definition for the term "induce" as used in subsection 1 of Section 313.335. No such definition appears in the Constitution. We do not address the constitutionality of the definition of "induce" contained in Section 313.335 as it is our policy not to opine on constitutionality of statutes. Gershman InvestmentCorporation v. Danforth, 517 S.W.2d 33 (Mo. banc 1974).
The statute requires advertising for the Missouri lottery not be false or fraudulent. Section 313.335.2. It must include information indicating the payout ratio for the games and must include a "disclaimer" that advertising is for informational and educational purposes only and not intended to induce any person to participate in the lottery or purchase a lottery ticket. Section 313.335.1.
Additionally, it is our opinion that the advertising must rationally relate to one of the items enumerated in Section 313.335.1, i.e., odds of winning, average return on the dollar, the time, date and place of conducting the lottery, the prize structure, the type of game being conducted, the price of tickets, and the locations where tickets for the lottery are sold.
So long as these requirements are met, the advertising meets statutory requirements.
CONCLUSION
It is our opinion that to meet statutory requirements, lottery advertising must: (1) not be false or fraudulent; (2) contain information indicating the payout ratios for the games; (3) contain a disclaimer that the advertising is for informational and educational purposes only and not intended to induce any person to participate in the lottery or purchase a lottery ticket; (4) bear some rational relationship to the odds of winning, average return on the dollar, time, date, and place of conducting the lottery, the prize structure, the type of lottery game being conducted, the price of tickets, or the locations where tickets may be purchased. We do not opine on the constitutionality of the applicable statute.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General