The Honorable Mike Lybyer State Senator, District 16 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Lybyer:
This opinion responds to your questions concerning costs in adult abuse cases:
 (1) Does § 455.027.1, RSMo, require that a county advance the service or filing fees of the petitioner when § 76.270, RSMo, states that all expenditures accrued by a circuit court shall be paid out of the county treasury?
 (2) If the answer to question (1) is yes, does requiring the county to advance such fees represent an unfunded mandate in violation of Article X, Section 21 of the Missouri Constitution when the section requiring county expenditures (§ 476.270) was enacted and amended prior to the adoption of said Article and Section?
Sections 455.010 to 455.085, RSMo 1994 and Supp. 1995, set forth Missouri's adult abuse law. Section 455.020.1[1]
authorizes any adult who has been abused by an adult family or household member, or who has been a victim of stalking, to seek court relief by filing a verified petition alleging the abuse or stalking. Section 455.035 authorizes the court, upon the filing of such a petition, to issue an ex parte order of protection. Section 455.045, RSMo 1994, and § 455.050, RSMo Supp. 1995, set forth the relief the court may impose by such order. Section455.040.1, RSMo Supp. 1995, requires the court, unless it determines a continuance is in order, to hold a hearing within fifteen days of the petition's filing. Section 455.040.2, RSMo Supp. 1995, requires the court to have the petition, a notice of hearing, and a copy of any ex parte order, personally served upon the respondent at least three days prior to such hearing. After the hearing, the court may issue a full order of protection for a definite period of time not to exceed one hundred eighty days which is renewable upon a proper showing. Section 455.040.1, RSMo Supp. 1995. Section 455.050, RSMo Supp. 1995, sets forth the relief the court may grant in any such full order. Section455.075 authorizes the court to award a party that party's costs and attorney's fees.
Section 455.027 states:
 1. No advance filing fees or bond shall be required for filing a petition in an action commenced under sections 455.010 to 455.085
 2. The clerk shall advise the petitioner of his right to file a financial statement indicating the petitioner's income and liabilities. This information may be required by the court and shall be considered before assessment of court costs.
 3. Assessment of court costs or a determination of indigency shall be considered by the court at the time of a termination of the proceeding.
Section 476.270 states:
 All expenditures accruing in the circuit courts, except salaries and clerk hire which is payable by the state, except all expenditures accruing in the municipal divisions of the circuit court, and except as otherwise provided by law, shall be paid out of the treasury of the county in which the court is held in the same manner as other demands.
(our emphasis). In State ex rel. Henderson v. Blaeuer, 723 S.W.2d 589,590 (Mo.App., W.D. 1987), the court relied upon §476.270 in imposing publication expenses upon the county in a divorce proceeding involving an indigent.
Your question concerns filing and service fees. We will respond separately as to the two types of fees.
Filing fees are charges that the court imposes; they are not expenditures the court makes. Therefore, § 476.270 does not apply to filing fees and the county has no duty to "advance" them under that provision.
Most service fees are not actually paid until the conclusion of the case. Trail v. Somerville, 22 Mo.App. 308, 314
(St.L.Ct.App. 1886) ("[E]xcept where interlocutory orders awarding costs are made, [officers of the court] must, as a general rule, wait for their payment until the final determination of the suit."), and then are paid by the losing party. Section 455.040.2, RSMo Supp. 1995, requires the court to have adult abuse and stalking petitions personally served upon respondents. Section 455.027 only prohibits requiring "advance filing fees or bond" for those petitions. It is silent on who initially bears personal service expenses such as out-of-state service fees. And although § 455.027.1 is silent as to who later pays fees and costs, § 455.027.3 specifically provides for "[a]ssessment of costs or a determination of indigency at the time of a termination of the proceeding."
We should give a statute the construction that will best effect its purpose. Household Fin. Corp. v. Robertson, 364 S.W.2d 595
(Mo. 1963). The clear purpose of § 455.027 was to allow adult abuse or stalking victims to seek timely relief without first incurring fees and costs and to allow the court to make determinations of such victims' indigency upon "the termination of proceedings." Without service of the petition and the court's ex parte order, the victim can have no effective relief. Thus, § 455.027 prohibits the court from imposing upon the petitioner, prior to the conclusion of the case, expenses incident to personal service of the petition. By requiring no filing fee or bond to secure court costs, during the pendency of the action § 455.027.1 may impose the burden of those costs, to the extent they must be paid prior to the conclusion of the case, initially upon the court. The county is liable for the court's expenditures under § 476.270; therefore, the county must reimburse those expenses the court pays.
Your second question concerns Article X, § 21, of the Missouri Constitution, which provides:
 The state is hereby prohibited from reducing the state financed proportion of the costs of any existing activity or service required of counties . . . . A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agency of counties . . ., unless a state appropriation is made and disbursed to pay the county . . . for any increased costs.
You question whether § 455.027.1 violates that constitutional provision. However, we must respectfully decline to opine on that question as it has been the long-standing policy of this office to render no opinion on the constitutionality of state laws. See Gershman Inv. Co. v. Danforth, 517 S.W.2d 33, 35
(Mo. banc 1974).
CONCLUSION
It is the opinion of this office that § 455.027.1, prohibiting courts from charging adult abuse or stalking victims an advance filing fee or bond when they file petitions for protection, may cause counties to initially incur, under §476.270, certain personal service expenses for those cases. However, § 476.270 imposes no duty on counties to advance court filing fees as those fees that are not the court's expenditures.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise indicated, to the 1994 Revised Statutes of Missouri (RSMo).