The Honorable Joe Heckemeyer State Representative, District 160 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Heckemeyer:
This opinion is in response to your question asking:
 Is it murder in the second degree, under current Missouri law, for a person performing an abortion to partially vaginally deliver a living fetus before intentionally killing the infant and completing the delivery?[1]
Section 188.035, RSMo 1994, addresses the issue about which you are concerned.[2] Such section provides:
 188.035. Death of child aborted alive deemed murder in second degree, when. — Whoever, with intent to do so, shall take the life of a child aborted alive, shall be guilty of murder of the second degree.
Definitions relevant in interpreting Section 188.035 are found in Section 188.015, RSMo 1994. Definitions relevant to your inquiry include:
 188.015. Definitions. — Unless the language or context clearly indicates a different meaning is intended, the following words or phrases for the purposes of sections 188.010 to 188.130 shall be given the meaning ascribed to them:
 (1) "Abortion", the intentional destruction of the life of an embryo or fetus in his or her mother's womb or the intentional termination of the pregnancy of a mother with an intention other than to increase the probability of a live birth or to remove a dead or dying unborn child;
* * *
 (6) "Unborn child", the offspring of human beings from the moment of conception until birth and at every stage of its biological development, including the human conceptus, zygote, morula, blastocyst, embryo, and fetus;
 (7) "Viability", that stage of fetal development when the life of the unborn child may be continued indefinitely outside the womb by natural or artificial life-supportive systems.
The question you pose refers to "partially vaginally deliver[ing] a living fetus before intentionally killing the infant." Section 188.015 (7) defines "viability" as the stage of fetal development when the life of the unborn child may be continued indefinitely outside the womb by natural or artificial life-supportive systems. Because you refer to the "living fetus" as an "infant," we presume the living fetus is viable, although the terms "living fetus" and "infant" are not defined in Chapter 188, RSMo. A viable fetus may be deemed a child for purposes of certain statutes. See In re Ruiz, 500 N.E.2d 935, 939 (Ohio Com. Pl. 1986). The term "child aborted alive" as used in Section188.035, based on our presumption above, includes a viable living fetus as described in your question. Therefore, taking the life of the viable living fetus as described in your question may be second degree murder under Section 188.035.
CONCLUSION
It is the opinion of this office that under current Missouri law a person performing an abortion by partially vaginally delivering a living fetus before intentionally killing the infant and completing the delivery may be charged with second degree murder under Section 188.035, RSMo 1994.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Your question only inquires about a charge of second degree murder. Therefore, we do not address whether the facts in a particular case might warrant a charge of first degree murder.
[2] Statutes relating to abortion often raise questions of constitutionality. See the discussion on the constitutionality of state statutes relating to abortions in Roe v. Wade,410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). However, we do not in the process of issuing opinions address the constitutionality of Missouri statutes. See Gershman Investment Corporation v.Danforth, 517 S.W.2d 33, 35 (1974) ("[A]n Attorney General may not declare a statute unconstitutional. This power is reserved to the courts by the Constitution.").